IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § Criminal Action No. 2:17-CR-113-D(3) | |
| VS. § | |
| § | |
| JESSICA OREGEL RODRIGUEZ, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses two motions for discovery filed by defendant Jessica Oregel Rodriguez ("Rodriguez") and one motion for discovery filed by the government. Rodriguez is charged in Count One of the indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846, and in Count Two of the indictment with possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and aiding and abetting.[1] The following motions are pending for decision: Rodriguez's November 3, 2017 motion for discovery and inspection; Rodriguez's February 26, 2018 second motion for discovery and inspection; and the government's February 26, 2018 motion for discovery. The trial is set for May 14, 2018.

I

In Rodriguez's November 3, 2017 discovery motion, she moves for 31 categories

---

[1] Count Two charges aiding and abetting liability by referring to 18 U.S.C. § 2.

(including subcategories) of discovery. The court has organized some of Rodriguez's categories of evidence into subcategories for purposes of this memorandum opinion and order.

A

*Rule 16 Evidence*

In requests Nos. 1-7, 13, 14, 16, 17, 23, and 30, Rodriguez requests that the government be ordered to disclose information or evidence that she contends is required by Fed. R. Crim. P. 16(a)(1)(A)-(D). In request No. 1, Rodriguez requests that the government be ordered to disclose all written or recorded statements made by or purported to have been made by Rodriguez, within the possession, custody, or control of the government or any agent thereof, including but not limited to any and all tape recordings of any conversations to which Rodriguez was a party and any and all documents, instruments, or forms of any kind signed or purported to have been signed by Rodriguez. Rodriguez requests in request No. 2 that the government be ordered to disclose all oral statements, confessions, or admissions purported to have been made by Rodriguez and any written summary, report, or transcription thereof made by any government agent or law enforcement officer, or copy thereof, within the possession, custody, or control of the government, or any agent thereof, including statements made to witnesses other than law enforcement officers or government agents, and the precise words attributed to Rodriguez that caused any government agent to conclude that she was a coconspirator with any other defendant. In request No. 3, Rodriguez requests that the government be ordered to disclose all statements of any codefendants or coconspirators,

whether written or oral, or subsequently reduced to writing, or summarized in any law enforcement agents' reports or copies thereof, including but not limited to such statements that the government alleges are admissible statements of coconspirators or codefendants made during the transactions that are the subject of this case and in furtherance of any alleged conspiracy or agreement. Rodriguez requests in request No. 4 that the government be ordered to disclose a copy of her prior criminal records. In request No. 5, Rodriguez requests that the government be ordered to produce any and all instruments, documents, or other tangible objects that were obtained from, or are alleged to belong to, or were made of or by, her or any codefendants, unindicted coconspirators, or informants.[2] Rodriguez requests in request No. 6 that the government be ordered to produce all other instruments, documents, writings, papers, books, tape recordings, transcripts, or other tangible objects the government plans to offer into evidence in this case, or that are material to the preparation of the defense. In request No. 7, Rodriguez requests that the government be ordered to produce any and all books, papers, documents, instruments, tape recordings, transcripts, or other tangible objects upon which the government relied in returning the indictment against her and/or the other defendants. Rodriguez requests in request No. 13 that the government be ordered to produce the transcript of testimony of any and all persons who testified before the grand jury in this case, including but not limited to the precise nature of any statements attributed to Rodriguez or any codefendant or coconspirator, whether indicted or not. In request No. 14, Rodriguez

---

[2]*See infra* at § I(D) for discussion of disclosure of any informant's identity.

requests that the government be ordered to produce any and all documents, instruments, forms, or statements of any kind, signed or purported to have been signed, by any codefendant in this case. Rodriguez requests in request No. 16 that the government be ordered to produce any and all handwriting exemplars, tests, fingerprint impressions, or other physical evidence or test results obtained by the government relating to this case, whether they are of Rodriguez, another defendant, a coconspirator, a witness, or of some other person or persons known and unknown, and any and all comparisons or written reports of tests, analysis, or other examinations conducted regarding the foregoing by the government or any of its agents or under its direction. In request No. 17, Rodriguez requests that the government be ordered to produce any and all photographs, film, audio tapes, and video tapes, and any written transcriptions thereof, of Rodriguez or any codefendants or coconspirators, whether indicted or not, that relate to any of the offenses charged in the indictment. Rodriguez requests in request No. 23 that the government be ordered to produce all search and arrest warrants and supporting affidavits issued for or regarding any defendant in this case and in regard to any evidence or property seized or searched in connection with the investigation that gave rise to the indictment. In request No. 30, Rodriguez requests that the government be ordered to produce copies of any written transcripts or reports of, or give her the opportunity to hear, any information or evidence that was gained by electronic surveillance, including but not limited to wiretaps, videotapes, tape recorded conversations, or the like concerning Rodriguez, any of the alleged coconspirators or codefendants, and/or any witness.

To the extent that Rodriguez requests discovery that the government is required to disclose under Rules 16(a)(1)(A)-(D), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the Jencks Act, 18 U.S.C. § 3500, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § III.

B

*Witness Lists and Persons with Knowledge*

Rodriguez requests in request No. 8 that the government be ordered to produce the names, addresses, and telephone numbers of individual witnesses whom the government intends to call as witnesses at trial, either in its case-in-chief or as rebuttal witnesses, including any witness who could testify to any extrinsic act, conduct, or offense of any defendant. In request No. 9, Rodriguez requests that the government be ordered to produce the names and addresses of persons who have knowledge pertaining to this case or who have been interviewed by the government or its agents in connection with this case. Rodriguez requests in request No. 10 that the government be ordered to produce all FBI, state, and local arrest and conviction records of all persons referred to in requests Nos. 8 and 9 whom the government plans to call as witnesses or who are listed as possible witnesses in this case. In request No. 11, Rodriguez requests that the government be ordered to produce written statements of all persons in requests Nos. 8 and 9 whom the government does *not* plan to call

as witnesses. Rodriguez requests in request No. 18 that the government be ordered to produce the name and address of each witness who will be called by the government, including any witness who could testify to extrinsic offenses, whether or not resulting in a criminal charge or conviction that the prosecution plans to use in rebuttal or to establish motive, system, intent, or identity.

To the extent Rodriguez requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied.

C

*Government Agents*

Rodriguez requests in request No. 12 that the government be ordered to produce the name and address of each government agent, law enforcement agent, or other person who participated in Rodriguez's arrest, who was present while Rodriguez was being questioned or interrogated, and/or who made any statements or participated in the search of Rodriguez's residence and/or vehicle.

To the extent Rodriguez requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied.

D

*Informants*

Rodriguez requests in request No. 15 that the government be ordered to produce the name, address, and telephone number of any informant or other person who gave information leading to the investigation of Rodriguez or that led to the identification of witnesses, evidence, or the arrest of any defendant in this cause, or who was present at, participated in, or was a witness to any transaction the subject of the indictment in this case.

If the government has used an informant in investigating or prosecuting Rodriguez, it must notify the court *in camera* no later than April 25, 2018. With respect to other individuals, to the extent Rodriguez requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § III.

E

*Rule 404(b) Evidence*

Rodriguez requests in request No. 19 that the government be ordered to produce a list of all overt or extrinsic acts not alleged in the indictment that the government expects to introduce into evidence. In request No. 20, Rodriguez requests that the government be ordered to produce a description in writing of each extrinsic offense, act, or conduct of the defendant or any codefendant or coconspirator, including the date and place of such offense,

act, or conduct, that the government intends to introduce into evidence.

The court grants the motion to the extent that the government must comply with Rule 16 and Fed. R. Evid. 404(b). The government must make any disclosures required by Rule 404(b) no later than the deadline specified *infra* at § III. Otherwise, the motion is denied.

F

*Impeachment Evidence*

In request No. 21, Rodriguez requests that the government be ordered to produce any and all materials known to the government or that may become known, or that through due diligence may be learned from the investigating officers, the witnesses, or persons having personal knowledge of this case, that is exculpatory in nature or favorable to the accused or that may lead to exculpatory or favorable material or that might serve to mitigate punishment, including any evidence impeaching or contradicting testimony of government witnesses or the instructions to government witnesses not to speak with or discuss the facts of this cause with defense counsel. Rodriguez requests in request No. 22 that the government be ordered to produce the substance of any and all statements and discussions had with any of the codefendants or coconspirators herein, whether indicted or unindicted, or with any such person's counsel indicating a promise or a suggestion of immunity, leniency, compensation, assurance not to prosecute, agreement to proceed only on certain counts of the indictment, representation as to yet uncharged misconduct, or any benefit accruing to such individuals whatsoever in exchange for their cooperation, assistance, or testimony at the trial herein. Rodriguez requests in request No. 24 that the government be ordered to produce all

information it has regarding inconsistent statements of any witness it may call at trial and in request No. 25 that the government be ordered to produce all information it has regarding the untruthfulness of any of the witness it may call at trial. In request No. 26 Rodriguez requests that the government be ordered to disclose any information known to the government, or that may become known by searching its files and the files of other government agencies, regarding the use of narcotics by any witness whom the government may call at trial, at the time of their cooperation with the government, when they appeared before the grand jury, when they entered their guilty pleas, or at trial. She also requests disclosure of any psychiatric examinations administered to any informant witness.[3]

To the extent Rodriguez requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § III.

G

*Government Investigation Notes*

In request No. 27 Rodriguez requests that the government be ordered to disclose any notes, tapes, and/or memoranda, that may have been made by a government agent in this

---

[3]*See supra* at § I(D) for discussion of disclosure of any informant's identity.

case, including any person who may have been acting as an informer[4] or in an investigative or undercover capacity. She further requests that if such notes, tapes, and/or other memoranda were once in existence but have now been destroyed, the government be ordered to disclose the purpose and exact information surrounding their destruction, and that if such items have not been destroyed, the government be ordered to preserve such notes, tapes, and/or other memoranda.

To the extent Rodriguez requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied. The court grants Rodriguez's request that the government be required to preserve its agents' notes, tapes, and/or memoranda, even if such materials are not disclosed to Rodriguez.

H

*Government Communications to Rodriguez*

Rodriguez requests in request No. 28 that the government be ordered to disclose whether any agent, informer,[5] or anyone else acting at its direction has communicated with Rodriguez since the commencement of adversarial proceedings against her (in this case or any related state case), including the identification of such individuals and the details and

---

[4] *See supra* at § I(D) for discussion of disclosure of any informant's identity.

[5] *See supra* at § I(D) for discussion of disclosure of any informant's identity.

- 10 -

circumstances of such communications as well as any statements made by both Rodriguez and the government agent(s).

To the extent Rodriguez requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § III.

I

*Witness Statements*

Rodriguez requests in request No. 29 that the government be ordered to disclose any witness statements at least 48 hours before the witness testifies at trial or at any sentencing hearing. Rodriguez requests disclosure of any witness' prior testimony (such as grand jury testimony), prior written statements, and reports or notes, any reports of prior oral statements, and any prosecutor's notes concerning witness statements that have been or may be adopted, approved, or verified by the witness. Rodriguez also requests that the court order the government to produce any exculpatory witness statements, negative exculpatory witness statements, and evidence concerning narcotic habits or psychiatric treatment of any government witness. Rodriguez also seeks to discover the personnel files of any government witness that may contain evidence material to the preparation of a defense or contain *Brady* or *Giglio* material.

To the extent Rodriguez requests discovery that the government is required to disclose

- 11 -

under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied. The court denies Rodriguez's request regarding the production deadline for witness statements. "18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a) (which pertains to the government and to a defendant) do not authorize the court to compel a party to produce a witness statement any earlier than after a witness has testified on direct examination." *United States v. Khoury*, 2014 WL 6633065, at *5 (N.D. Tex. Nov. 24, 2014) (Fitzwater, J.). "In this district, however, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness." *Id*. Thus the government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § III.

J

Brady *Material*

In request No. 31 Rodriguez requests that the government be ordered to disclose any exculpatory evidence, as required by *Brady*, and listing 12 subcategories of evidence that she maintains would be exculpatory. She also requests that the government's attorney examine his or her files and question the government's agents, informants,[6] or other persons working with the government in this case concerning their knowledge of any such evidence or

---

[6]*See supra* at § I(D) for discussion of disclosure of any informant's identity.

materials. Rodriguez also requests that she be allowed to question the government's attorney and agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

To the extent Rodriguez requests discovery that the government is required to disclose under *Brady*, the motion is granted. To the extent her requests exceed what *Brady* requires, the motion is denied.

II

In her February 26, 2018 second motion for discovery and inspection, Rodriguez requests that the government be ordered to produce a written summary of any testimony that it intends to use under Fed. R. Evid. 702, 703, or 705 during its case-in-chief, including a description of the witness' opinions, the bases and reasons for those opinions, and the witness' qualifications.

The court grants the motion to the extent that Fed. R. Evid. 16(a)(1)(G) requires disclosure by the government; to the extent Rodriguez requests greater relief, the motion is denied. The court orders the government to comply with Fed. R. Evid. 16(a)(1)(G) no later than the deadline specified *infra* at § III.

III

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than April 30, 2018.

Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the

custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which the defendant will begin her cross-examination of the witness.

IV

The government moves for discovery under Rule 16(b). It maintains that it has disclosed, or is in the process of disclosing, to Rodriguez the evidence in the government's possession that is subject to discovery under Rule 16(a)(1), and it moves the court to order Rodriguez to comply with the obligations imposed by Rule 16(b)(1)(A), 16(b)(1)(B), and 16(b)(1)(C). The government also moves the court to permit the government—at the time a defense witness testifies at trial—to examine, inspect, and copy any evidence, material, or matters that might impeach or discredit the credibility of witnesses whom the defendant intends to call at trial, and to permit the government to examine, inspect, and copy any statements of any witnesses, written, oral, summarized, and/or adopted by said witnesses, including investigator's notes and work papers, that the defendant calls as a witness at the trial. Rodriguez has not responded to the motion.

To the extent the government is entitled to discovery under Rule 16(b)(1) and has satisfied any applicable prerequisite prescribed by that rule, the court grants the motion; otherwise, the motion is denied. Rodriguez must make the required disclosures no later than

the deadline specified *supra* at § III.

**SO ORDERED**.

April 23, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE